IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ANDRE IBRAHIM, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:21-cv-547-ALM-KPJ |
| | § | |
| ROLL-OFF, USA, | § | |
| | § | |
| Defendant. | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is Defendant Roll-Offs U.S.A., Inc.'s[1] ("Defendant") Motion to Dismiss (the "Motion to Dismiss") (Dkt. 13), wherein Defendant requests the Court dismiss Plaintiff Andre Ibrahim's ("Plaintiff") claims pursuant to Federal Rule Civil Procedure 12(b)(3) or, alternatively, transfer the case to the Eastern District of Oklahoma. *See* Dkt. 13 at 3–5. Plaintiff filed a Motion for Change of Venue (the "Motion to Transfer") (Dkt. 16), wherein Plaintiff requests the Court transfer the case to the Eastern District of Oklahoma. *See id.* at 1. Upon consideration, the Court recommends **GRANTING IN PART** and **DENYING IN PART** Defendant's Motion to Dismiss (Dkt. 13), **GRANTING** Plaintiff's Motion to Transfer (Dkt. 16), and transferring the case to the Eastern District of Oklahoma.

**I.   BACKGROUND**

On July 15, 2021, Plaintiff, proceeding *pro se*, filed this lawsuit against Defendant, alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII").[2] *See* Dkt. 1. In the Complaint, Plaintiff identifies himself as a resident of Sherman, Grayson County,

---

[1] Defendant's correct name is Roll-Offs U.S.A., Inc., *see* Dkt. 13; Defendant appears to have been incorrectly named in the original complaint as Roll-Off, USA, *see* Dkt. 1.
[2] This case was referred to the undersigned for pretrial proceedings pursuant to 28 U.S.C. § 636. *See* Dkt. 2.

1

Texas, and alleges he was employed by Defendant at 8567 US 70, Mead, Bryan County, Oklahoma. *See id.* at 2.

Defendant was not properly served until May 2022. *See* Dkt. 10. On May 31, 2022, Defendant moved to dismiss Plaintiff's claims for improper venue, or alternatively, transfer the case to the Eastern District of Oklahoma. *See* Dkt. 13; Fed. R. Civ. P. 12(b)(3). Plaintiff did not file a response to Defendant's Motion to Dismiss. Instead, on July 19, 2022, Plaintiff filed the Motion to Transfer, wherein Plaintiff requests the Court transfer this case to the Eastern District of Oklahoma pursuant to 28 U.S.C. § 1404. *See* Dkt. 16 at 1. Defendant filed a response, arguing Plaintiff's Complaint should be dismissed due to Plaintiff's failure to file a response to the Motion to Dismiss as required by Local Rule 7(d), or alternatively, the case should be transferred to the Eastern District of Oklahoma. *See* Dkt. 18 at 3–6.

On October 11, 2022, the Court ordered Plaintiff file a status report regarding the status of his case by October 25, 2022, as the Court's two previous orders were returned marked "RETURN TO SENDER - UNCLAIMED - UNABLE TO FORWARD." *See* Dkt. 19. On October 25, 2022, Plaintiff filed "Plaintiff's Response to Defendant's Motion to Dismiss" (Dkt. 20), wherein he states the following:

> I am respectfully asking the court to take in[to] consideration the fact that I am filing this case on my own without the help of a legal team (compared to the defendant) because I believe that the evidence[] in this case [is] compelling. When I received the right to suit, I contacted the defendant's [a]ttorney (Elaine Turner) with the intent to mediate and settle this matter out of court by sharing the nature of the evidence. Rolloff's attorney stayed in touch with me acting as if they were willing to negotiate and waited until one (1) day before the deadline to give me their answer denying responsibility . . . [Plaintiff] respectfully request the Court to transfer venue of this case to the US district court [for the] Eastern District of Oklahoma . . . .

*Id.*

## II.     LEGAL STANDARD

Pursuant to Rule 12(b)(3), a party may move to dismiss a claim for improper venue. *See* FED. R. CIV. P. 12(b)(3). When deciding a Rule 12(b)(3) motion, "the court must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff." *Braspetro Oil Servs. Co. v. Modec (USA), Inc.*, 240 F. App'x 612, 615 (5th Cir. 2007) (per curiam) (citations omitted). "However, the Court may consider evidence in the record beyond the facts alleged in the [complaint] and its attachments, including affidavits or evidence submitted by [the defendant] in support of its motion to dismiss, or by [the plaintiff] in response to the motion." *Galderma Labs., L.P. v. Teva Pharms. USA, Inc.*, 290 F. Supp. 3d 599, 605–06 (N.D. Tex. 2017) (citing *Ginter ex rel. Ballard v. Belcher, Prendergast & Laporte*, 536 F.3d 439, 449 (5th Cir. 2008)). While the Fifth Circuit has not ruled on the issue of which party bears the burden on a Rule 12(b)(3) motion, courts within the Circuit have imposed the burden on the plaintiff once the defendant has objected to the plaintiff's chosen forum. *See, e.g., id.* at 605; *Suter v. United States*, No. 3:18-cv-2693, 2020 WL 874812, at *2 (N.D. Tex. Jan. 28, 2020), *R. & R. adopted*, 2020 WL 870225 (N.D. Tex. Feb. 21, 2020); *Seariver Maritime Fin. Holdings, Inc. v. Pena*, 952 F. Supp. 455, 458 (S.D. Tex. 1996). If venue is improper, the court has broad discretion to dismiss the case or, in the interest of justice, transfer the case to any district where venue is proper. *See* 28 U.S.C. § 1406(a).

## III.     ANALYSIS

Because Plaintiff alleges claims under Title VII, venue is governed by Title VII's specific venue provision, 42 U.S.C. § 2000e-5(f)(3), which "displaces the general venue provision set out in 28 U.S.C. § 1391." *Allen v. U.S. Dep't of Homeland Sec.*, 514 F. App'x 421, 422 (5th Cir. 2013) (per curiam); *see also id*. at 422 n.3 ("'The venue provisions of § 2000e–5(f)(3) were intended to be the exclusive venue provisions for Title VII employment discrimination actions and . . . the

more general provisions of § 1391 are not controlling in such cases.'" (quoting *Pinson v. Rumsfeld*, 192 F. App'x. 811, 817 (11th Cir. 2006))). Section 2000e-5(f)(3) provides:

> Each United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter. Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office. For purposes of sections 1404 and 1406 of Title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought.

42 U.S.C. § 2000e–5(f)(3).

The Court may transfer a case to any proper judicial district or division "[f]or the convenience of parties and witnesses, in the interest of justice," 28 U.S.C. § 1404(a), and it may transfer a case filed in the wrong district or division "to any district or division in which it could have been brought," 28 U.S.C. § 1406(a); *see also In re Horseshoe Ent.*, 337 F.3d 429, 433 (5th Cir. 2003) ("[T]he last sentence of [Title VII's] special venue provision makes express cross-reference to §§ 1404 and 1406 of Title 28 indicating clearly Congress' intention that the provisions of §§ 1404 and 1406 would also be applicable in [such a] case.").

Under Section 2000e-5(f)(3), it is clear the Eastern District of Texas is not the proper venue for Plaintiff's case. In reviewing Plaintiff's Complaint, the Court finds none of the events underlying this case occurred in the Eastern District of Texas, and there appears to be no nexus to this District other than Plaintiff's residence in Sherman, Texas. *See generally* Dkt. 1. Defendant asserts the alleged conduct that forms the basis of Plaintiff's lawsuit occurred at Defendant's principal place of business in Mead, Oklahoma, which is within the Eastern District of Oklahoma. *See* Dkt. 13 at 1–2, Dkt. 13-1. Defendant maintains that the relevant employment records are

4

located at this same location. *See* Dkt. 13 at 2. Following the Motion to Dismiss, Plaintiff now seeks to transfer his case to the Eastern District of Oklahoma. *See* Dkts. 16, 20. Thus, there appears to be agreement between the parties that the proper venue is the Eastern District of Oklahoma.

Defendant, however, argues Plaintiff's "failure to respond in compliance with the Court's Local Rules requires that the Motion to Dismiss under F.R.C.P. 12(b)(3) be granted and Plaintiff's Complaint dismissed." *See* Dkt. 18 at 6. Plaintiff's failure is a sufficient basis for the court to grant Defendant's unopposed motion. *See* LOCAL RULE CV-7(d); *see also Beavers v. Express Jet Holdings, Inc.*, 421 F. Supp. 2d 994, 997–98 (E.D. Tex. 2005). "However, the court should exercise caution when considering whether to grant the defendant's motion for that reason . . . ." *Beavers*, 421 F. Supp. 2d at 998. While not addressing Defendant's Motion to Dismiss, Plaintiff's Motion to Transfer (Dkt. 16) appears to be responsive in that it seeks to transfer the case to the Eastern District of Oklahoma in accordance with Defendant's arguments. *See id.* at 1. Furthermore, Plaintiff has now filed what he characterizes as a response to the Motion to Dismiss and again requests the Court transfer the case to the Eastern District of Oklahoma. *See* Dkt. 20.

Because there appears to be no disagreement that Plaintiff could have properly brought this lawsuit in the Eastern District of Oklahoma, transferring Plaintiff's claim to the Eastern District of Oklahoma would be in the interest of justice. *See Herman v. Cataphora, Inc.*, 730 F.3d 460, 466 (5th Cir. 2013) ("[A] federal court is authorized under 28 U.S.C. § 1406(a) to transfer the action to 'any district or division in which it could have been brought' if the court finds that it is 'in the interest of justice' to transfer the action." (citing *Dubin v. United States*, 380 F.2d 813, 816 (5th Cir. 1967))); *see also Glazier Grp., Inc. v. Mandalay Corp.*, Civ. A. No. H-06-2752, 2007 WL 2021762, at *13 (S.D. Tex. July 11, 2007) ("To transfer a case under section 1406(a), it is enough simply that the court thinks transfer is in the interest of justice.") (citation and internal quotation

5

marks omitted); *Williams v. United Airlines, Inc.*, No. 3:18-cv-450, 2018 WL 1833126, at *3 (N.D. Tex. Mar. 29, 2018), *R. & R. adopted*, 2018 WL 2151467 (N.D. Tex. May 10, 2018) (collecting cases) ("In sum, given [plaintiff's] *pro se* status, the Court should conclude that the interest of justice favors the transfer of this action under Section 1406(a) . . . .").

## IV. RECOMMENDATION

Upon consideration, the Court recommends **GRANTING IN PART** and **DENYING IN PART** Defendant's Motion to Dismiss (Dkt. 13) as follows: Defendant's Motion to dismiss is **GRANTED** as to the request to transfer the case to the Eastern District of Oklahoma and **DENIED** as to dismissal of Plaintiff's claims. The Court further recommends **GRANTING** Plaintiff's Motion to Transfer (Dkt. 16) and transferring the case to the Eastern District of Oklahoma.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

A party is entitled to *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.*; *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 31st day of October, 2022.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE